UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY OWENS AND JOSEPH OWENS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br>PLAINTIFFS <br><br>v. <br><br>AMK DESOTO, INC. AND AHMAD KHATIB, INDIVIDUALLY, <br><br>DEFENDANTS | § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:22-cv-1455 |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs Jeffrey Owens and Joseph Owens ("Named Plaintiffs") on behalf of themselves and all others similarly situated ("Class Members") (Named Plaintiffs and Class Members are collectively referred to as "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against AMK Desoto, Inc. and Ahmad Khatib, Individually under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. AMK Desoto, Inc. and Ahmad Khatib ("Defendants") have violated the FLSA by failing to pay overtime premiums to their lube technicians.

3. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendants' compensation policies, Named Plaintiffs bring this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiffs Jeffrey and Joseph Owens are individuals residing in this judicial district. Their notices of consent are attached to Plaintiff's Original Collective Action Complaint as Exhibits A and B, respectively.

5. At all relevant times, Jeffrey and Joseph Owens were each an "employee" of Defendants as defined by the FLSA.

6. At all relevant times, Defendants were Jeffrey and Joseph Owens' "employer" as defined by the FLSA.

7. Plaintiffs are Defendants' current and former lube techs who were paid on a salary basis and who were not paid any overtime premiums for hours worked over forty in a workweek.

8. Defendant AMK Desoto, Inc. is a domestic corporation formed and existing under the laws of the State of Texas.

9. Defendant AMK Desoto, Inc. was an employer of Named Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

10. Defendant AMK Desoto, Inc. can be served by serving its registered agent for service of process, Ahmad Khatib, at 114 S. Cockrell Hill Road, Desoto, Texas 75115.

11. Defendant Ahmad Khatib is the owner of Defendant AMK Desoto, Inc.

12. Defendant Ahmad Khatib was an employer of Named Plaintiffs and those similarly situated as

defined by 29 U.S.C. §203(d).

13. Defendant Ahmad Khatib can be served at 114 S. Cockrell Hill Road, Desoto, Texas 75115, or wherever else she may be found.

14. At all times hereinafter mentioned, Ahmad Khatib exercised managerial responsibilities and substantial control over AMK Desoto, Inc.'s employees, including Named Plaintiffs, and the terms and conditions of their employment.

15. Ahmad Khatib had and exercised the authority to hire, fire and direct AMK Desoto, Inc.'s employees, including Named Plaintiffs.

16. Ahmad Khatib had and exercised the authority to supervise and control the employment relationships and work schedules of AMK Desoto, Inc.'s employees, including Named Plaintiffs.

17. Ahmad Khatib had and exercised the authority to set and determine the rate and method of pay of AMK Desoto, Inc.'s employees, including Named Plaintiffs.

18. Ahmad Khatib had and exercised the authority to decide whether AMK Desoto, Inc.'s employees, including Named Plaintiffs, received overtime compensation.

19. Ahmad Khatib also kept and maintained employment records for all employees of AMK Desoto, Inc., including Named Plaintiffs.

### III. JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction in this matter because Named Plaintiffs assert claims arising under federal law. Specifically, Named Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

21. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas

and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

22. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in this District and Division. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this judicial district. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

23. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Class Members.

24. At all relevant times, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27. Named Plaintiffs and Class Members handled and otherwise worked with equipment, such as telephones, computers, wrenches, hydraulic lifts, motor oil and air filters that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

28. At all times hereinafter mentioned, Named Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

29. Defendants operate a number of oil change stations in and around the DFW area. Defendants employ lube techs, among other employees, to provide oil change services to their customers.

30. Throughout their employment with Defendants, Named Plaintiffs consistently worked more than forty hours per workweek.

31. Named Plaintiffs never received overtime premiums for any hours worked over forty per workweek.

32. Instead, Named Plaintiffs were paid a salary for all hours worked.

33. However, Named Plaintiffs' salary was frequently docked for missing hours of work.

34. Because of the frequency of these deductions, Named Plaintiffs' salary was effectively converted to an hourly rate of pay.

35. Defendants regularly refused to pay Named Plaintiffs overtime premiums for any hours worked over forty per workweek.

36. Although they consistently worked very long hours, well over forty hours per week, Plaintiffs were not properly compensated for their overtime hours. Defendants required the Plaintiffs to work the

long hours described above, and thus knew that Plaintiffs regularly worked in excess of 40 hours per week. Nonetheless, Defendants failed and refused to compensate Plaintiffs at a rate that is not less than time-and-one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.

37. Defendants have employed and are employing other individuals who have performed the same job duties under the same pay provisions as Named Plaintiffs, in that they have performed, or are performing, the same job duties and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

38. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay Named Plaintiffs and the Class Members overtime premiums for all hours worked over forty per workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

39. Named Plaintiffs and the Class Members have performed—and are performing—the same or similar job duties as one another. Further, Named Plaintiffs and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty per workweek. Thus, the Class Members are owed one and one-half times their properly calculated regular hourly rate for all hours worked over forty in a workweek without regard to their individualized circumstances.

40. Defendants have a policy or practice of not paying their lube techs as well as other employees overtime premiums for any hours worked over forty per workweek. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiffs and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named

Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the refusal to pay overtime premiums for any hours worked over forty per workweek to Named Plaintiffs also applies to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former lube techs as well as any other non-exempt salaried employees of Defendants who were not paid overtime premiums for any hours worked over forty per workweek.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

41. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

42. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiffs or Class Members.

## VIII. PRAYER FOR RELIEF

Named Plaintiffs and the Class Members pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs (and those who may join the suit);

b. For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

Welmaker Law, PLLC

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
409 N. Fredonia, Suite 118
Longview, Texas 75601
(512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**